UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMY CHAMBERS,

       Plaintiff,

v.                                              CASE NO. 3:14-cv-1448-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

       Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying her application for period of disability and disability insurance

benefits.  Plaintiff alleges she became disabled on March 16, 2010.  Plaintiff's

applications were denied initially and on reconsideration.  A hearing was held

before the assigned Administrative Law Judge ("ALJ") on May 15, 2012, at which

Plaintiff was represented by an attorney.  (Tr. 42-96.)  The ALJ found Plaintiff not

disabled since March 16, 2010, the alleged onset date, through July 16, 2013, the

date of the decision.  (Tr. 26-36.)

Plaintiff is appealing the Commissioner's decision that she was not

disabled during the relevant time period.  Plaintiff has exhausted her available

administrative remedies and the case is properly before the Court. The

undersigned has reviewed the record, the briefs, and the applicable law.  For the

1

reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **AFFIRMED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.    Discussion

Plaintiff argues one general point on appeal: that the ALJ erred in according little weight to the opinions of Plaintiff's treating doctors, Stanley Cohen, D.O. and Sharon Schulman, Ph.D.  Specifically, Plaintiff argues that the ALJ's reasons for discounting Drs. Cohen and Schulman's opinions are not supported by substantial evidence.  (Doc. 16.)

Defendant responds the ALJ properly discounted the opinions of Drs. Cohen and Schulman.  Defendant contends that the ALJ articulated multiple reasons for according the treating doctors' opinions little weight and those reasons are supported by substantial evidence.  (Doc. 17.)

### A.    The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including major depressive disorder, anxiety, and post-traumatic stress disorder ("PTSD").  (Tr. 28.)  The ALJ then determined at Step Three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (Tr. 29-30.)

At Step Four, the ALJ made the following RFC determination:

> [T]he [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following non-exertional limitations: work is limited to simple, routine, repetitive tasks performed in a work environment free of fast paced production requirements involving only simple work-related decisions and routine work place changes with no interaction with the public.

3

(Tr. 30.)  In making this finding, the ALJ evaluated the opinion evidence.  The ALJ accorded little weight to the opinions of treating doctors, Stanley Cohen, D.O. and Sharon Schulman, Ph.D.  (Tr. 34.)  When evaluating the opinion evidence, the ALJ noted, *inter alia*, that "Dr. Cohen's opined severity is not consistent with his own treatment records indicating generally moderate symptoms with ongoing treatment."  (*Id.*)  Further, the ALJ stated that Dr. Cohen's "opined severity is also inconsistent with the treatment records from [licensed mental health counselor Frank] Morelli documenting GAF scores generally ranging from 55-75 (indicating mild to moderate symptoms per DSM - IV, Axis V) as discussed above herein." (*Id.*)  The ALJ further noted that Dr. Schulman had a relatively short treatment history with Plaintiff, that Dr. Schulman's treatment records are inconsistent with the treating sources with lengthier treating relationships, and that Dr. Schulman's treating records do not appear to indicate any significant changes in the course and frequency of Plaintiff's treatment.  (*Id.*)

With the benefit of testimony from Vocational Expert Ted Mitchell, the ALJ determined that there are other jobs existing in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC, such as marker, cleaner (housekeeping), and addresser. (Tr. 35-36.)  As such, the ALJ found that Plaintiff was not disabled.  (Tr. 36.)

### B.    Relevant Opinion Evidence

### i.    Stanley Cohen, D.O.

Dr. Cohen began treating Plaintiff in March 2010.  (Tr. 401-03.)  The record

contains various "Psychiatric Progress Notes" from Dr. Cohen, documenting

treatment from March 2010 through April 2013 (Tr. 387-403, 428-41, 459-74,

607-15.)  On November 23, 2010, Dr. Cohen completed a Treating Source

Mental Status Report.  (Tr. 405-07.)  In the report, Dr. Cohen noted that Plaintiff

described her mood as "up and down," and described her affect as "depressed

and anxious."  (Tr. 405.)  Dr. Cohen reported poor concentration and indicated

that Plaintiff "cannot finish tasks," that she "can't stay focused," and that Plaintiff

was "all over the board."  (Tr. 406.)  Dr. Cohen noted that Plaintiff displayed

proper orientation and no current memory issues.  (*Id.*)  Dr. Cohen diagnosed

Plaintiff with PTSD, depression, and anxiety, and stated that her prognosis was

guarded.  (*Id.*)  Dr. Cohen reported "difficulties with attention, up and down with

mood," and difficulties with being consistent and having realistic social interaction.

(Tr. 407.)  Ultimately, Dr. Cohen opined that Plaintiff could not sustain work

activity for eight hours a day, five days a week due to Plaintiff's lack of attention

span, lack of consistent mood, and poor social interaction.  (*Id.*)

On May 14, 2013, Dr. Cohen completed a Medical Source Statement of

Ability to Do Work-Related Activities.  (Tr. 602-06.)  He opined that Plaintiff

retained moderate to extreme limitations in understanding, remembering, and

carrying out instructions.  (Tr. 602.)  Dr. Cohen further opined that Plaintiff

retained marked to extreme limitations in responding appropriately to supervision,

co-workers, and work pressures in a work setting.  (Tr. 603.)  Dr. Cohen also

reported that Plaintiff experienced moderate to marked limitations in

understanding and memory, sustained concentration, persistence, social

interaction, and adaptation.  (Tr. 605-06.)

### ii.     Sharon Schulman, Ph.D.

Dr. Schulman treated Plaintiff from September 2012 through May 2013 (Tr.

598-600, 690-91.)  On May 8, 2013, Dr. Schulman completed a Medical Source

Statement of Ability to Do Work-Related Activities.  (Tr. 593-97.)  Dr. Schulman

opined that Plaintiff retained moderate to extreme limitations in understanding,

remembering, and carrying out instructions.  (Tr. 593.)  She further opined that

Plaintiff experienced marked to extreme limitations with respect to responding

appropriately to supervisors, co-workers, and work pressures in a work setting.

(Tr. 594.)  Dr. Schulman also opined that Plaintiff's limitations ranged from "not

significantly limited" to "markedly limited" in the areas of social interaction and

adaptation.  (Tr. 596-97.)

### C.     The ALJ's Evaluation of Drs. Cohen and Schulman

Plaintiff contends that the ALJ erred in giving little weight to the opinions of

Drs. Cohen and Schulman.  More specifically, Plaintiff asserts that the ALJ failed

to show good cause for discounting the mental health assessments of Drs.

Cohen and Schulman.

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating's physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion to the record as a whole, (5) specialization in the medical issue at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

Additionally, when electing to disregard the opinion of a treating physician

in a social security disability case, the ALJ must clearly articulate his or her reasons, and the reasons for giving little weight to the opinion of the treating physician must be supported by substantial evidence. *See Marbury v. Sullivan*, 957 F.2d 837, 841 (11th Cir.1992); *Phillips*, 357 F.3d at 1241.

The undersigned finds that the ALJ showed good cause for discounting the opinions of Drs. Cohen and Schulman. The undersigned also finds the reasons for discounting the opinions of Drs. Cohen and Schulman are supported by substantial evidence.

As an initial matter, and as noted by the ALJ, Dr. Cohen's opinion that Plaintiff is incapable of sustaining work activity for eight hours a day, five days a week concerns an issue reserved to the Commissioner and does not constitute a "medical opinion." (Tr. 34, 407.) Because Dr. Cohen's opinion on an issue reserved for the Commissioner is not a medical opinion, the ALJ was not required to accord the opinion controlling weight or any special significance. *See, e.g.,* 20 C.F.R. 1527(d); *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877 (11th Cir. 2013) ("[T]he Commissioner, not a claimants physician, is responsible for determining whether a claimant is statutorily disabled.") (citations omitted); *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011) ("Opinions from medical sources on some issues are 'not medical opinions' because they are reserved for the Commissioner as 'administrative findings that are dispositive of the case; i.e., that would direct the determination or decision of disability.'")

8

(citation omitted); SSR 96-5p, 1996 WL 374183 at *5 ("[E]ven when offered by a treating source, [opinions that an individual is disabled or unable to work] can never be entitled to controlling weight or given special significance.").

Nevertheless, the ALJ considered the opinions of both Drs. Cohen and Schulman and articulated clear reasons for according them little weight.  The ALJ accorded little weight to the opinions of Dr. Cohen because his "opined severity is not consistent with his own treatment records indicating generally moderate symptoms with ongoing treatment."  (Tr. 34.)  As pointed out by the Commissioner, Dr. Cohen's treatment notes are replete with mental status examinations indicating only mild or moderate symptoms or difficulties.  For example, Dr. Cohen reported that Plaintiff was cooperative, alert, and awake throughout treatment.  (387-400, 428-38, 459-71.)  He also reported that she showed proper orientation, as well as good insight and judgment during mental health examinations.  (*Id.*)

Plaintiff reported feeling better overall in May 2010.  (Tr. 395.)  In July 2010, Dr. Cohen reported that Plaintiff was "doing better overall."  (Tr. 391.)  Although complaining of increased stress in November 2011, Plaintiff reported doing well overall in February 2012.  (Tr. 460, 613.)  In July 2012, Plaintiff reported increased anxiety, but also indicated doing "okay" overall.  (Tr. 610.)  In June 2010, Plaintiff reported that the medication was helpful.  (Tr. 393.)  In January 2011, Dr. Cohen reported that Plaintiff was doing better overall with

9

medications.  (Tr. 431.)  Dr. Cohen rendered a Global Assessment of Functioning

("GAF") score of 60 in March 2010, indicating only moderate symptoms or

difficulties.  (Tr. 403.)

　　　More notably, however, Dr. Cohen's treatment notes are devoid of any

mention of the severe deficits in attention, concentration, memory, social

interaction, and mood as described by him in November 2010 and May 2013.

For example, Dr. Cohen opined that Plaintiff "can't stay focused" and lacked an

attention span, but he failed to mention any such deficits in his treatment notes,

despite a specifically designated mental health examination "attention" section

contained within the notes.  (Tr. 387-403, 428-38, 459-71.)  Similarly, Dr. Cohen

opined that Plaintiff had "moderate" to "extreme" limitations in understanding and

remembering, but failed to report any memory deficits in the designated "memory"

section contained within the treatment notes.  (*Id.*)  Dr. Cohen reported that

Plaintiff had no memory issues in his November 23, 2010 mental status report.

(Tr. 406.)  Dr. Cohen failed to describe significant limitations in concentration and

social functioning within the treatment notes.  (Tr. 387-403, 428-38, 459-71.)

Finally, although Dr. Cohen reported Plaintiff's mood as being "not good" in

March 2010 and June 2010, and "low" in September 2010, the remaining

treatment notes, where reported, describe Plaintiff's mood as either fair, okay, or

good.  (Tr. 387, 389, 393, 397, 429-31, 459-60, 607-10, 614.)  Dr. Cohen also

reported Plaintiff's affect as either "good" or "euthymic" in multiple treatment

notes.  (Tr. 395, 397, 429, 431, 460, 607, 609-10, 613.)

The ALJ also discounted Dr. Cohen's opinions because they were largely inconsistent with the GAF scores of licensed mental health counselor, Frank Morelli.  The ALJ noted that the treatment records from Mr. Morelli documented GAF scores generally ranging from 55-75, indicating only mild to moderate symptoms per the DSM – IV, Axis V.  (Tr. 34, 351, 353, 355, 357, 359, 361, 363, 365, 367, 369, 371, 373, 513-14, 516, 519, 521, 523, 525, 527, 529-30, 532, 534.)  The ALJ also pointed out that although there was an occasional GAF score of 50, indicating significant symptoms, those instances were brief and did not last a period of 12 continuous months.  (Tr. 375, 377, 382, 505, 507, 509, 511); *see also* 20 C.F.R. § 404.1505 ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable . . . mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months").

Plaintiff contends that the ALJ failed to show good cause for discounting Dr. Cohen's opinions by noting that Dr. Cohen's November 23, 2010 Treating Source Mental Status Report was completed just after Plaintiff learned of her termination from Winn Dixie and by referencing evidence authored by Mr. Morelli, a non-acceptable medical source.  Plaintiff's arguments in this regard are unpersuasive.  While the ALJ's statement regarding the circumstances surrounding Dr. Cohen's completion of the Treating Source Mental Status Report

11

could have been more clear, it is clear that the ALJ considered all of Dr. Cohen's treatment records and found his opinions inconsistent with his own treatment notes.  (Tr. 34 (referencing all of Dr. Cohen's treatment notes in finding the severity of his opinions inconsistent with his notes).)  Moreover, although Mr. Morelli is a non-acceptable medical source, "an ALJ must still take into account all of the evidence, including the evidence authored by non-acceptable sources." *Torres v. Colvin*, Case No. 3:13-cv-1385-J-JRK, 2015 WL 1064639 at *6 (M.D. Fla. Mar. 11, 2015) (citations omitted).  Here, the ALJ did not err by taking into account evidence authored by Mr. Morelli and using that evidence as one reason to discount Dr. Cohen's opinions.  *Cf., Torres*, 2015 WL 1064639 at *7 (holding that the ALJ did not err by taking into account GAF scores of a non-acceptable medical source and by using the GAF scores as one reason for concluding that plaintiff's mental symptoms were not disabling).

The ALJ articulated clear reasons for according Dr. Schulman's opinions little weight.  These reasons are supported by substantial evidence.  The ALJ initially noted Dr. Schulman's brief treatment history, spanning from September 2012 through May 2013.  (Tr. 34, 598-600, 690-91.)  The ALJ further stated that Dr. Schulman's opined severity was not supported by the treatment notes of Dr. Cohen and Mr. Morelli.  Substantial evidence supports this statement as Dr. Schulman's opinions regarding Plaintiff's moderate to extreme deficits of judgment, memory, concentration, attention, and social functioning are

12

inconsistent with Dr. Cohen's treatment notes and Mr. Morelli's GAF scores, indicating no more than moderate symptoms, as discussed in greater detail above.

The ALJ also discounted Dr. Schulman's opinions because her own treatment notes did not indicate any significant changes in the course and frequency of Plaintiff's treatment.  (Tr. 34.)  As pointed out by the ALJ, Dr. Schulman's last treatment note dated May 11, 2013, failed to incorporate any special follow-up instructions for alternative treatment options.  (Tr. 600.)  The notes also indicate that from September 19, 2012, through May 11, 2013, Plaintiff attended "routine" and "routine phone" appointments.  (Tr. 598-600, 690-91.)  Dr. Schulman noted on May 1, 2013, that Plaintiff was "medication compliant" and did not suggest alternative treatment methods.  (Tr. 598.)

Finally, the ALJ stated that the treatment notes did not "establish a period of 12 continuous months of significant symptoms."  (Tr. 34.)  Dr. Schulman treated Plaintiff for approximately eight months.  While Dr. Schulman's intake notes appear to indicate that Plaintiff's prior treatment included medication and counseling sessions, and that Plaintiff is "receptive to therapy," they do not indicate that Plaintiff's symptoms have lasted or were expected to last at a severe level for at least twelve continuous months."  (Tr. 690); *see also Hadley v. Comm'r of Soc. Sec.*, Case No. 5:13-cv-593-Oc-18PRL, 2015 WL 327512 at *5 (M.D. Fla. Jan. 23, 2015) ("[T]he treatment recommendations note that Plaintiff

13

would benefit from weekly counseling sessions, but did not indicate, as the ALJ found, that her mental symptoms lasted or were expected to last at a severe level for at least twelve continuous months.").

## III.    Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the undersigned affirms the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is **ORDERED** that:

1.    The Commissioner's decision is **AFFIRMED**.

2.    The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 22, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

14

Copies to:

Counsel of Record